Filed 11/18/20 P. v. Tanner CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B304511 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. KA095754 |
| v. | |
| PARVIN JOSEPH TANNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge. Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2012, defendant and appellant Parvin Joseph Tanner pled no contest to two counts of robbery (Pen. Code, § 211)[1] and two counts of false imprisonment (§ 236), admitted using a gun in the commission of these offenses (§ 12022.53), and admitted a 2007 prior conviction of first degree burglary as a prior strike and prior serious felony conviction (§§ 667, 1170.12). The plea agreement provided he would serve twenty-three years and eight months in state prison. The court imposed that sentence, which included a ten-year gun-use enhancement and five-year enhancement for the prior serious felony conviction.

In 2019, Tanner filed a motion to vacate an unauthorized sentence. In the motion, he argued the five-year prior serious felony enhancement was unlawful, and that, upon remand to correct the unlawful sentence, Tanner would ask the court to use its discretion to strike the ten-year gun use enhancement. Tanner's asserted legal ground for challenging the enhancement was that his burglary conviction did not qualify as a serious felony because there was no showing that it was residential and that a person was present at the time, as required by sections 667 and 667.5.

The court denied Tanner's motion. Tanner filed a motion to reconsider the denial. The court denied that motion. Tanner timely appealed.

Appellate counsel filed a brief identifying no issues and invited this court to independently review the record for arguable issues. The court notified Tanner he had 30 days to file a supplemental brief, but he did not do so. This court "has no independent duty to review the record for reasonably arguable

---

[1]     All undesignated statutory references are to the Penal Code.

issues. [Citations.]" (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1039-1040, review granted Oct. 14, 2020, S264278.) We therefore dismiss Tanner's appeal as abandoned. (*Ibid.*)


## DISPOSITION

The appeal is dismissed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


WILLHITE, Acting P.J.


COLLINS, J.